NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. BANK N.A., As Successor Trustee For Bank Of America, As Trustee For Thornburg Mortgage Securities Trust 2007-3,<br><br>Plaintiff–Appellee,<br><br>v.<br><br>JANET FULADIAN,<br><br>Defendant–Appellant. | No. 16-56114<br><br>D.C. No. 2:12-cv-10493-DSF-E<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 5, 2018
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and KORMAN,** District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Janet Fuladian took out a loan using her co-op apartment in Santa Monica as security. Fuladian did not own the apartment; rather, she owned only shares of the co-op, which entitled her to lease the apartment. Thus the security for the loan was the co-op shares and Fuladian's lease.

Fuladian defaulted on both her loan and her lease payments, and the parties accept that the co-op notified the loan-holder of the lease default. In theory, the loan-holder could have then paid the co-op Fuladian's outstanding balance on the lease, preserving the apartment as collateral. But it did not do so. The co-op evicted Fuladian through a judgment of unlawful detainer, extinguishing her legal interests related to the apartment, and, derivatively, also extinguishing the loan-holder's.[1]

After it was clear that the chance to recover the apartment was gone, U.S. Bank (on behalf of the current loan-holder) proceeded to trial against Fuladian in a suit on the debt. The district court found her liable, and she now appeals.

The only issue on appeal is whether the loan-holder should have protected its security interest in the apartment by paying Fuladian's debt to the co-op. This defense takes two forms, the first under California mortgage law and the second under the doctrine of mitigation of contract damages. Both issues are matters of

---

[1] Issues related to the shares are playing out in a suit against the co-op. *See U.S. Bank N.A. v. Ocean Towers Hous. Corp. et al.*, 2:14-cv-06017 (C.D. Cal. filed July 31, 2014).

California law, and because the trial was on stipulated facts, our review is wholly *de novo*. *See Norcia v. Samsung Telecomm. Am., LLC*, 845 F.3d 1279, 1283–84 (9th Cir. 2017); *Estate of McClatchy v. Comm'r*, 147 F.3d 1089, 1090 (9th Cir. 1998). We affirm.

1. California's "one action" rule, Cal. Civ. Proc. Code § 726, establishes, among other things, that when a loan-holder is "responsible" for the loss of a security interest, he not only "deprives himself of the right to foreclose the mortgage, [but also] deprives himself of the right to take an action upon the note." *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 48 (1996) (quoting *Pac. Valley Bank v. Schwenke*, 189 Cal. App. 3d 134, 140–41 (1987)). Thus, if the loan-holder's failure to cure Fuladian's default on the lease makes it "responsible" for the loss of the security interest in the resulting eviction, then U.S. Bank cannot recover Fuladian's outstanding loan debt.

But for two reasons we think California law would not deem the loan-holder "responsible." First, Fuladian explicitly agreed in the loan documents that the loan-holder was not obligated to cure any defaults under the lease. In the absence of any argument from Fuladian on this point, we follow "the time-honored notion that contractual bargains ought to be enforced." *Gen. Dynamics Corp. v. Superior Ct.*, 7 Cal. 4th 1164, 1177 (1994). Second, in *Bank of America v. Graves*, 51 Cal. App. 4th 607, 612, 616 (1996), the California Court of Appeals confronted this issue in the context of a junior lienholder and concluded that "[a] requirement that the junior

lienholder put up the money on the senior lien would be inequitable" and would cause "unworkable" problems in lending markets. Because the loan-holder here was akin to a junior lienholder—its interest in the apartment was junior to the co-op's—the same is true in this case. If equity favors a party here, it is not Fuladian, whose lease default spawned these problems to begin with. *See id.* at 612.

2. Fuladian also argues that the loan-holder should have paid her back rent to the co-op under the usual rule of damage mitigation. *See, e.g.*, *State Dep't of Health Servs. v. Superior Ct.*, 31 Cal. 4th 1026, 1043 (2003) ("[A] person injured by another's wrongful conduct will not be compensated for damages that the injured person could have avoided by reasonable effort or expenditure.") But Fuladian has the burden of proof, *id.* at 1044, and she does not explain how inaction expressly approved by contract can be a failure to mitigate. Nor does she explain why a general rule of contract law should displace *Graves*, or even what damages could have been avoided: whether or not the loan-holder paid her lease arrears, her debt on the loan would have been materially the same.

**AFFIRMED.**

4